UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOLORES SULLIVAN, o/b/o ) | |
| HILLARY ANN BECKER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 08-372-B-W |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | |

REPORT AND RECOMMENDED DECISION[1]

This appeal from a decision of the commissioner determining that the plaintiff was overpaid Supplemental Security Income ("SSI") between December 2000 and March 2004 raises only a single question of law: whether the Hillary Becker Irrevocable Trust rendered the plaintiff's ward ineligible for SSI benefits during that period. I recommend that the court vacate the commissioner's decision.

The commissioner's sequential evaluation process, 20 C.F.R. § 416.920, does not apply to this case.

The administrative law judge made the following findings: Hillary Becker was a disabled recipient of SSI payments as a result of injuries she sustained in a motor vehicle accident in 1998, Finding 1, Record at 20; in 1999, when she was 18 years old, approximately $50,000 of

---

[1] This action is properly brought under 42 U.S.C.§ 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 19, 2009, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

the proceeds of an insurance settlement related to the accident was used to fund the Hillary Becker Irrevocable Trust, which was created by her mother, the plaintiff, Dolores Sullivan, Finding 2, *id.*; the trust was a self-settled special needs trust as defined by 42 U.S.C. § 1396p(d)(4)(A), Finding 3, *id.*; the trust was a "grantor" trust, Finding 4, *id.*; despite language characterizing it as irrevocable, the trust was revocable because Hillary Becker was the sole named beneficiary, Finding 5, *id.*; Hillary Becker had the right to liquidate the trust during the relevant period for her support and maintenance, within the meaning of 20 C.F.R. § 416.1201(a)(1), and the trust principal was therefore a "resource" for her, Finding 6, *id.*; and, as a result, Hillary Becker was overpaid SSI in the amount of $21,741 during the period from December 2000 to March 2004, Finding 7, *id.*  The Appeals Council declined to review the decision, *id.* at 8-10, making it the final decision of the commissioner, 20 C.F.R. § 416.1481, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The trust document provides, in relevant part:

> 1.2   . . . This Trust is established to serve as a supplemental (and emergency) fund to governmental assistance for the Beneficiary throughout her life and it is intended that the assets of this Trust not become available as resources or as income to the Beneficiary.
> \* \* \*
> This Trust is established under operation of law and as authorized by 42 U.S.C. § 1396p(d)(4)(A).  As such, the assets directed to this Trust should not be deemed to have been or to be available to the Beneficiary within the meaning of said Title 42 or for any other purpose. . . .
>
> 1.3  The Trust shall terminate upon the earlier of (a) the death of the Beneficiary or (b) until all assets now or hereafter pledged to the Trust have been distributed by the Trustee.  The Trust shall be irrevocable.  The Trustee is hereby empowered and directed, acting alone, to amend this Trust in any manner which is necessary to make it comply with the provisions of 42 U.S.C. Section 1396p(d)(4)(A) and the regulations from time to time issued thereunder or as are otherwise applicable thereto, in order that such Trust remain qualified as an unavailable asset to the Beneficiary and in order that nothing herein shall jeopardize the

> Beneficiary's entitlement to governmental benefits such as . . . Supplemental Security Income ('SSI')[.] . . .
>
> * * *
>
> 3.6  The initial Trustee of this Trust shall be DOLORES SULLIVAN, of Surry, Maine. . . .
>
> * * *
>
> **IV.    DISTRIBUTIONS UPON TERMINATION**
>
> After payment of any assessments and charges incident to the management of the Trust, the Trustee shall, as soon as possible following the termination of the Trust . . . pay the State of Maine from the then remaining principal and undistributed income of this Trust an amount equal to the lesser of (a) the then remaining trust assets and (b) the total medical assistance paid on behalf of the Beneficiary under a State medical assistance plan or program. The Trustee may pay from the balance of the trust estate any death taxes . . . payable by reason of the Beneficiary's death . . . .  The Trustee shall then pay the balance of the Trust Estate remaining after such payments to the State and the payment of any death taxes . . . to the Beneficiary's then living issue per stirpes, or if the Beneficiary has no then living issue, then to the heirs-at-law of the Beneficiary as determined by the laws of intestate succession of the state in which the Beneficiary is domiciled at the time of her death.
>
> * * *
>
> 5.2  For purposes of determining the Beneficiary's Medicaid, SSI or similar benefit eligibility, no part of the principal or income of the Trust Estate shall be considered available to the Beneficiary. . . .
>
> * * *
>
> 7.2  The Trust established hereunder is a Maine trust, made in that State, and is to be governed, construed and administered in accordance with Maine laws[.]

The Hillary Becker Irrevocable Trust (Record at 137-49).  Hillary Becker is the beneficiary of the Trust. *Id*. at 137.

The governing statute provides that an applicant for Medicaid benefits may be the beneficiary of a trust without having the corpus of that trust considered to be a "resource" for him or her, thereby reducing or eliminating the amount of benefits for which he or she would otherwise be eligible, if the trust contains the assets of an individual under the age of 65 who is disabled, was created by a parent of the individual, and "the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total

3

medical assistance paid on behalf of the individual under a State plan [*e.g.*, Medicaid]." 42 U.S.C. § 1396p(d)(4)(A).

Section IV of the Hillary Becker Irrevocable Trust document is clearly written to follow this statutory requirement.  Yet, the administrative law judge quoted language from the Boston regional version of the Social Security Administration Program Operations Manual System ("POMS"), § SI BOS01120.200 D.3,  to the effect that this statutorily-mandated language makes the state "a creditor, not a beneficiary" for purposes of determining whether the state is an identifiable, specific residual beneficiary, thereby making the trust irrevocable.  Record at 19 n.4.  Referring to the same section of the POMS, she also found that the naming of heirs-at-law instead of specific individuals as residual beneficiaries made the trust revocable, an issue that is apparently unsettled in Maine law.  *Id.* at 19.

If Hillary Becker has the right or power to liquidate the trust, it is considered a resource under applicable Social Security regulations.  20 C.F.R. § 416.1201(a)(i).  If the trust at issue is revocable, therefore, it must be counted as a resource, 42 U.S.C. § 1382b(e), and, in that event, Hillary Becker was not eligible for the $21,741 in SSI benefits that she received during the relevant period.  The parties agree that Maine law governs the question of whether the Hillary Becker Irrevocable Trust was in fact revocable for purposes of an award of Social Security benefits.

## I.  Discussion

### A.  Statutory Analysis: Creditor or Beneficiary

First, if the statutorily-required language quoted above does in fact make the State of Maine a creditor and not a residual beneficiary of the trust as a matter of law, the regulation largely reverses the congressional intent expressed in 42 U.S.C. §1396p(d)(4)(A).  The statute

4

does not require the applicant for Medicaid benefits to name an additional, specific residual beneficiary in addition to the required state government in order to preserve the exception established by the subsection.  In addition, as the plaintiff points out, Statement of Specific Errors ("Itemized Statement") (Docket No. 12) at 7-8, the trust language cannot reasonably be read to make the State of Maine a creditor of the trust or of the plaintiff.  I am not aware of any legal obligation on the part of the plaintiff to repay the state for Medicaid benefits paid on her behalf, nor was counsel for the commissioner able to identify any such authority at oral argument.

A creditor is defined as "one to whom a debt is owed" and "a person or entity with a definite claim against another, esp[ecially] a claim that is capable of adjustment and liquidation." *Black's Law Dictionary* (7th ed. 1999) at 375.  The language of the Hillary Becker Irrevocable Trust may create in the State of Maine an enforceable interest in the corpus of the trust under certain circumstances, but that interest does not relate to the payment of a debt or a pre-existing claim by the State against Hillary Becker.  As Judge Cohen noted in *Thomas v. Barnhart*, 2004 WL 1529280 (D. Me. June 24, 2004), at *3, "[t]he First Circuit had required the commissioner to comply with POMS[,]" but the courts must always determine that the Social Security Administration's interpretation of applicable statutes as expressed in POMS is reasonable.  *Id*. at *4.  As was the case in *Thomas*, I conclude in this case that the commissioner's interpretation of 42 U.S.C. § 1396p(4)(d)(A), to the extent that that subsection is silent on the question of whether a state named in a trust document in accordance with that subsection thereby becomes a creditor rather than a beneficiary, is unreasonable.  It is an interpretation that defeats the purpose of the subsection, even though the subsection on its face addresses only Medicaid and not other forms of federal benefits.

At oral argument, counsel for the commissioner pointed out that section SI 01120.200(H)(1)(a) of the commissioner's national POMS provides that a trust established in accordance with 42 U.S.C. § 1396 "has no effect on the SSI income and resource determination." Again, if that interpretation of federal law by the commissioner is unreasonable, it cannot stand as the basis for denying benefits to the plaintiff here. This version of the POMS also states that the state is a creditor of a trust established under this statute, unless state law is to the contrary. SI 01120.200(H)(2).

### B. Naming of Heirs-at-Law

Even if the state of Maine is properly considered a creditor under the terms of the Hillary Becker Irrevocable Trust, it is still necessary to determine whether the naming of Hillary Becker's heirs-at-law rather than specific individuals makes the trust revocable under Maine law, first, because the presence of residuary beneficiaries of the trust may redeem it from the commissioner's draconian interpretation of section 1396, and, second, because it is conceivable – although highly unlikely, given the $50,000 principal of the trust and the current and likely future costs of full-time residential care for a disabled person aged 18 at the creation of the trust and now aged 28 – that upon termination of the trust some amount of money would be left after payment to the State of Maine that would go to those heirs. Here, the administrative law judge concludes that only the naming of specific, then-existing individuals as residuary beneficiaries will do, if the trust is to be irrevocable under Maine law. She concludes that the Maine Law Court would adopt the view of the Restatement (Second) of Trusts § 339. Record at 19.[2]

---

[2] The administrative law judge bolsters this conclusion by citing a section of POMS, which does not mention state law at all, to the effect that only the naming of specific, existing individuals or entities as residual beneficiaries will serve to make a trust irrevocable. Record at 19 n.4. As the plaintiff points out, Itemized Statement at 9-10, the administrative law judge cites only the Boston regional POMS on this point, specifically, POMS SI BOS01120.200 D.3, even though the national version of POMS holds directly to the contrary, POMS SI 01120.200(D)(3), calling its position "the modern view." At oral argument, counsel for the commissioner asserted, almost in passing, that "regional transmittals [POMS] govern where they modify the terms of the national POMS." He cited no authority

This court has held on occasion that the Maine Law Court's past adoption of specific sections of a particular Restatement is an indication that it would be likely to adopt other specific sections of that Restatement. *See, e.g., Brown v. Crown Equip. Corp.*, 460 F.Supp.2d 188, 196 (D. Me. 2006); *Doe v. Manson*, 2000 WL 893396 (D. Me. June 22, 2000), at *4; *J. D. Irving, Ltd. v. Allen*, 1999 WL 33117101 (D. Me. Mar. 25, 1999), at *10-*11. Assuming *arguendo* that the Law Court would also adopt section 339 of the Restatement (Second) of Trusts, the administrative law judge's quotation of the Restatement does not go far enough. It stops with comment a. Record at 19. But comment b is also highly relevant to the instant case.

Section 339 and its comments a and b provide as follows:

> If the settlor is the sole beneficiary of a trust and is not under an incapacity, he can compel the termination of the trust, although the purposes of the trust have not been accomplished.
> 
> * * *
> 
> Comment:
>   *a. Scope of the rule*. The rule stated in this Section is applicable although the settlor does not reserve a power of revocation, and even though it is provided in specific words by the terms of the trust that the trust shall be irrevocable.
> 
> * * *
> 
>   *b When settlor is sole beneficiary*. The settlor is the sole beneficiary of a trust if he does not manifest an intention to give a beneficial interest to anyone else. If, however, he manifests an intention to create a vested or contingent interest in others, as for example, his children, or the persons who may be his heirs or next of kin on his death, he is not the sole beneficiary, unless such intended interests are invalid, either under the rule in Shelley's Case or otherwise.

Restatement (Second) of Trusts § 339 (1959). Clearly, the Hillary Becker Irrevocable Trust manifests an intention that a beneficial interest be created in both the State of Maine and Hillary

---

for this statement, and I have found none in my case law research. In addition, it would be a strange anomaly indeed in administrative law if an outright contradiction of the commissioner's national internal policy document by the policy document of a regional office of the Social Security Administration were allowed to govern claims that happen to originate in that region. Counsel for the commissioner offered no justification for such an anomaly. To the extent that the national POMS is meant to defer to state law on this point, my analysis of Maine law on this point follows in the text of this recommended decision.

Becker's heirs-at-law. Thus, Hillary Becker is not its sole beneficiary. By the terms of the Restatement, it follows that the trust is not revocable.[3]

While there is no Maine case law directly on point, one case cited by both the administrative law judge, Record at 19, and the plaintiff, Itemized Statement at 10, lends support to the conclusion that the Maine Law Court would adopt section 339 of the Restatement, along with both of its comments. In *Skillin v. Skillin*, 133 Me. 347, 177 A. 706 (1935), the Law Court held that the trustee of a trust expressly made irrevocable by its terms could not convey thereafter the principal back to the grantor so that she could create a new trust with different beneficiaries. 177 A. at 707.

> The original instrument not only contained no power of revocation, but was explicitly made irrevocable. This provision would be without force or effect if the trustee, under the discretionary power given to him, could reconvey the trust res to the donor in order that she might revoke or modify the terms of the agreement. The document must be construed as an entirety and in such manner as to give life to all its parts.

*Id*. In other words, the word "irrevocable" in a trust document means just that under Maine law.

At oral argument, counsel for the commissioner argued that Magistrate Judge Cohen's recommended decision dated June 18, 1998, in *Brountas v. Apfel*, Civil No. 97-116-B, which was adopted by Judge Brody of this Court on July 7, 1998, supports the commissioner's position that the trust in this case is revocable. But, that case is easily distinguishable and is more supportive of the plaintiff's position than it is of the commissioner's decision.

In *Brountas,* Judge Cohen concluded that the Maine Law Court would adopt section 339 of the Restatement, but only discussed comment a to that section. Report and Recommended Decision at 8. The plaintiff in that case contended that the trust at issue was irrevocable under

---

[3] I note that neither party has attempted to demonstrate that Hillary Becker was not under an incapacity at the time the trust was created by her mother, and that the administrative law judge made no effort to show that the residual interests created by the trust were invalid.

8

Maine law, despite that fact that its terms provided that the corpus of the trust would be payable in full to the plaintiff when she attained the age of 60 and, if she died before reaching that age, on her death to such persons as she might appoint by her will, and, failing that, to her living heirs. *Id*. 5. The Medicaid statute is not mentioned in the opinion. The dispute concerned the application of 20 C.F.R. § 416.1201 to the trust at issue. The plaintiff argued that the trust was irrevocable for purpose of that regulation so long as she lacked the present ability to liquidate it. *Id*. at 7.

Judge Cohen did not find it necessary to reach the question of revocability of the trust in *Brountas,* but in *dicta* he concluded that the opinion in *Skillin* was consistent with section 339 of the Restatement, because the remaindermen were specifically indentified in *Skillin*, while they were subject to change at any time in the case before him. *Id*. at 8. That is a significant difference from the present case, where the plaintiff is unable to change the remaindermen, her heirs, specified in the trust document. *Brountas* is not inconsistent with the plaintiff's position in this case, and, in fact, tends to support it, based on the distinction with *Skillin* that which Judge Cohen found to be significant and that is not present here.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent with this opinion.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of June, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge